IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JERRY FEES,<br><br>　　　Plaintiff,<br><br>vs.<br><br>CASEY'S GENERAL STORES, INC. d/b/a CASEY'S MARKETING COMPANY, CASEY'S MARKETING COMPANY, BILL BRAUER and BRAD VRY,<br><br>　　　Defendants. | Case No.: 15-cv-63<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

**COME NOW** the Plaintiff, Jerry Fees and submits his Amended Complaint and Jury demand.  In support thereof they state the following:

　　1.　　Plaintiff, Jerry Fees is a resident of Polk County, Iowa.

　　2.　　Defendant, Casey's General Stores, Inc. d/b/a Casey's Marketing Company, (hereinafter referred to as "Casey's) is an Iowa Corporation with a home office located in Ankeny, Polk County, Iowa.

　　3.　　Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company is an Iowa Corporation with a home office located in Ankeny, Polk County, Iowa.

　　4.　　Upon information and belief, Defendants, Bill Brauer and Brad Vry are residents of Polk County, Iowa and were employees of the Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company.

1

5. The amount in controversy in this matter exceeds the jurisdictional requirement for this Court.

6. The Court has jurisdiction of this matter as a result of federal question jurisdiction.

## FACTUAL BACKGROUND

7. Plaintiff began working for Defendant, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company in 1987.

8. In 2004, Plaintiff sustained a work related injury to his back which resulted in permanent work restrictions and was put on light duty at the time. However, Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company would occasionally require him to perform heavy duty work whenever it needed him to do so. This would happen for up to three months at a time.

9. On November 29, 2012, Plaintiff became reinjured at Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company and suffered two herniated disks in his neck.

10. Plaintiff was placed on FMLA leaving beginning November 30, 2012 and ultimately underwent surgery.

11. On February 5, 2013, Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company notified the Plaintiff that his FMLA was expiring on February 21, 2013 and at that time, he would be placed on a leave of absence from work.

12. Plaintiff received a letter from the Defendants sometime in February or March 2013 advising him that he would need to qualify for heavy duty work in order to return to work even though that had not been part of his job requirements since 2004.

13. Plaintiff received a work release from his physician on April 22, 2013 that restricted him from lifting more than 25 pounds but Plaintiff's heavy duty job description required to lift more than 55 pounds. Consequently, Plaintiff's doctor stated that Plaintiff was unable to fulfill that work requirement.

14. Plaintiff thereafter received a call from Defendant, Bill Brauer, the warehouse manager asking Plaintiff why he had not been calling in.

15. Plaintiff advised Defendant, Bill Brauer that he had been calling in to Kelly Jaworski after each doctor's appointment.

16. Plaintiff was terminated by Defendant, Bill Brauer on June 12, 2013.

17. Three weeks following his termination, Plaintiff received a release to return to work from his doctor on July 1, 2014.

18. Plaintiff contacted Defendant, Bill Brauer on July 8, 2013 to inform him that he had been released to return to work.

19. Defendant, Bill Brauer asked that Plaintiff about his restrictions and the Plaintiff acknowledged that he still had restrictions from his 2004 worker compensation injury.

20. Defendant, Bill Brauer told the Plaintiff that he would need to pass a physical to be hired back and that he did not think there was any way that the Plaintiff could pass the physical given Plaintiff's current condition.

21. Plaintiff could have continued to work in his previous light duty position or in others that similarly would have been okay even with his work restrictions from his 2004 worker compensation injury.

22. During the period of time the Plaintiff was employed by the Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company he suffered harassment by Defendant, Brad Vry, his shift manger.

23. The Defendant, Brad Vry made the Plaintiff pick up dead mice and track them. Several people made fun of him for this, including members of management.

24. Defendant, Brad Vry also confronted Plaintiff on one occasion with a clenched fist, asking the Plaintiff what he just said. When the Plaintiff informed him that he was talking to a co-worker about rotating stock, Defendant Vry answered that he thought he heard the Plaintiff say something else and walked away.

25. Defendant, Brad Vry also screamed at the Plaintiff when Plaintiff was medically excused from work for four to six weeks due to a herniated disk in his neck.

26. Defendant Brady Vry put Plaintiff on heavy duty work and when the Plaintiff complained, Defendant Brad Vry looked at him in a condescending manner.

27. Defendant, Brad Vry also threatened to take away the Plaintiff's ability use a fork lift on one occasion.

28. When the Plaintiff made complaints about Brad Vry to Defendant Brauer he told the Plaintiff he would look into it.

29. Defendant, Brad Vry thereafter told Plaintiff to forget the previous order and to continue using a forklift.

30. Plaintiff was present at an ethics meeting that was being presented by Ms. Jaworski wherein payroll issues with small increments of vacation and sick time were being discussed. Ms. Jaworski used the Plaintiff and his "erectile dysfunction" as an example. This joke was later told again in another meeting several months later. At another point, while the Plaintiff was in Ms. Jaworski's office, he heard another co-worker, Theresa Cruthords make a comment about him when she said – he might have long arms but I bet he has a short dick.

31. Plaintiff believes she may have thought he left the office when she made this statement. Plaintiff looked at her and she turned beat red.

32. Plaintiff reported three incidents involving Kelly Sinclair to Mr. Vry. The incidents involved Ms. Sinclair cursing at him and yelling at him. Mr. Vry told Plaintiff after the third complaint that if they could not get along, he would suspend both of them.

33. At another point, Mr. Vry walked in as Plaintiff was stretching his hand after it cramped up and told him – Hey Jerry, I always knew there was a little fag in you.

34. The Federal Equal Employment Opportunity Commission issued a right-to-sue letter which the Plaintiff received on November 21, 2014.

35. Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company has an anti harassment and discrimination policy explaining the complaint procedure and asking that complaints be sent to "Vice President of Human Resources Casey's General Stores, Inc."

36. Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company has a Code of Business Conduct and Ethics that applies to "all

directors and employees…of Casey's General Stores, Inc., and its subsidiaries (collectively referred to hereinafter as "the Company" or "Casey's").

37. Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company has a policy allowing any employee of "the Company" to report "improper disclosure, accounting, and internal accounting controls or auditing matters" to Casey's General Stores Audit Committee and the Company's Corporate General Counsel at "Casey's General Stores, Inc."

38. Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company has a policy that allows an employee of "the Company" to submit a complaint about violations of the code in writing to the Chief Operating Officer at "Casey's General Stores, Inc."

39. Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company has an acknowledgement of the policy stating "Signature of Employee: Jerry Fees" under the heading "Casey's General Stores" and listing his department as "Warehouse."

40. Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company has a second signed copy of the anti harassment and discrimination policy for "Casey's General Stores" listing Jerry Fees as an employee and requesting him to submit complaints to "Vice President of Human Resources Casey's General Stores, Inc."

41. Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company has an employee handbook verification form listing Jerry Fees as an employee and explains, in part, that: "Casey's General Stores, Inc. reserves the right to modify,

revoke, suspend, terminate, or change any or all such plans, policies, or procedures, in or whole or in part, at any time with or without notice."

42. Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company has the same employee handbook verification states "The language which appears in this Employee Handbook is not intended to create nor is it to be construed to constitute a contract between Casey's General Stores, Inc. and any one or all of its employees." The same document has Jerry Ray Fees listed as "Employee's Name" and lists his department as "Grocery Warehouse."

43. Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company has a copy of the Employee Formal Conflict Resolution Form for "Casey's General Stores."

## COUNT I – DISABILITY DISCRIMINATION
### (IOWA CODE CHAPTER 216)

44. Plaintiff incorporates the previous paragraphs as if pled herein.

45. The Defendants in this case terminated the Plaintiff's employment based on his actual or perceived disability. The Plaintiff is a qualified individual with a disability.

46. Defendants' decision violated the Iowa Code Chapter 216 in such other ways as the evidence may demonstrate.

47. Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees, requests that the Court enter judgment against the Defendants, and each of them, and award him such damages as are appropriate under Iowa Code Chapter 216, including compensatory damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT II – HOSTILE WORK ENVIRONMENT – DISABILITY
### (IOWA CODE CHAPTER 216)

48.     Plaintiff incorporates the previous paragraphs as if pled herein.

49.     The Defendants in this case created a hostile work environment for the Plaintiff based on the Plaintiff's disability.

50.     The Plaintiff is a qualified individual with a disability.

51.     Defendants' actions violated Iowa Code Chapter 216.

52.     Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees, requests that the Court enter judgment against the Defendants, and each of them, and award him such damages as are appropriate under Iowa Code Chapter 216, including compensatory damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT III – RETALIATION - DISABILITY (IOWA CODE CHAPTER 216)

53.     Plaintiff incorporates the previous paragraphs as if pled herein

54.     The Defendants in this case terminated the Plaintiff's employment based on his complaints about disability discrimination.

55.     Defendants' decision violated Iowa Code Chapter 216 in such other ways as the evidence may demonstrate.

56.     Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees, requests that the Court enter judgment against the Defendants, and each of them,  and award him such damages as are appropriate under Iowa Code Chapter 216, including compensatory damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT IV FAILURE TO ACCOMMODATE (IOWA CODE CHAPTER 216)

46. Plaintiff incorporates the previous paragraphs as if plead herein.

47. The Defendants failed to accommodate the Plaintiff's requested reasonable accommodations.

48. Defendants' decision violated Iowa Code Chapter 216 in such other ways as the evidence may demonstrate.

49. Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees requests that the Court enter judgment against the Defendants, and each of them, and award him such damages as are appropriate under Chapter 216, including compensatory damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT V FAILURE TO HIRE (IOWA CODE CHAPTER 216)

50. Plaintiff incorporates the previous paragraphs as if plead herein.

51. The Defendants failed to hire the Plaintiff based on an actual or perceived disability.

52. Defendants' decision violated Iowa Code Chapter 216 in such other ways as the evidence may demonstrate.

53. Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees requests that the Court enter judgment against the Defendants, and each of them, and award him such damages as are appropriate under Chapter 216, including compensatory damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT VI – WRONGFUL DISCHARGE – WORKERS' COMPENSATION

54. Plaintiff incorporates the previous paragraphs as if plead herein.

55. The Defendants in this case retaliated against the Plaintiff's employment based on his suffering a workers' compensation injury.

56. Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees requests that the Court enter judgment against the Defendants, and each of them, and award him such damages as are appropriate under Chapter 216, including compensatory damages, punitive damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT VII – DISABILITY DISCRIMINATION
### (Americans with Disabilities Act)

57. Plaintiff incorporates the previous paragraphs as if pled herein.

58. The Defendants in this case terminated the Plaintiff's employment based on his actual or perceived disability. The Plaintiff is a qualified individual with a disability.

59. Defendants' decision violated the **Americans with Disabilities Act** in such other ways as the evidence may demonstrate.

60. Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees, requests that the Court enter judgment against the Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company, and each of them, and award him such damages as are appropriate under **Americans with Disabilities Act**, including compensatory damages, punitive damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT VIII – HOSTILE WORK ENVIRONMENT – DISABILITY
### (Americans with Disabilities Act)

61. Plaintiff incorporates the previous paragraphs as if pled herein.

62. The Defendants in this case created a hostile work environment for the Plaintiff based on the Plaintiff's disability.

63. The Plaintiff is a qualified individual with a disability.

64. Defendants' actions violated **Americans with Disabilities Act**.

65. Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees, requests that the Court enter judgment against the Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company, and each of them, and award him such damages as are appropriate under **Americans with Disabilities Act**, including compensatory damages, punitive damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT IX – RETALIATION - DISABILITY (Americans with Disabilities Act)

66. Plaintiff incorporates the previous paragraphs as if pled herein

67. The Defendants in this case terminated the Plaintiff's employment based on his complaints about disability discrimination.

68. Defendants' decision violated **Americans with Disabilities Act** in such other ways as the evidence may demonstrate.

69. Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees, requests that the Court enter judgment against the Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company, and each of them,  and award him such damages as are appropriate under

**Americans with Disabilities Act**, including compensatory damages, punitive damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT X FAILURE TO ACCOMMODATE (Americans with Disabilities Act)

70. Plaintiff incorporates the previous paragraphs as if plead herein.

71. The Defendants failed to accommodate the Plaintiff's requested reasonable accommodations.

72. Defendants' decision violated **Americans with Disabilities Act** in such other ways as the evidence may demonstrate.

73. Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees requests that the Court enter judgment against the Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing Company, and each of them, and award him such damages as are appropriate under **Americans with Disabilities Act**, including compensatory damages, punitive damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

### COUNT XI FAILURE TO HIRE (Americans with Disabilities Act)

74. Plaintiff incorporates the previous paragraphs as if plead herein.

75. The Defendants failed to hire the Plaintiff based on an actual or perceived disability.

76. Defendants' decision violated **Americans with Disabilities Act** in such other ways as the evidence may demonstrate.

77. Defendants' actions were the proximate cause of damages to the Plaintiff.

**WHEREFORE** the Plaintiff, Jerry Fees requests that the Court enter judgment against the Defendants, Casey's General Stores, Inc. d/b/a Casey's Marketing Company or Casey's Marketing

Company, and each of them, and award him such damages as are appropriate under **Americans with Disabilities Act**, including compensatory damages, punitive damages, court costs, attorneys fees and such other relief as the Court finds is appropriate under the law.

Respectfully Submitted,
/s/ Eric M. Updegraff

_____
Eric M. Updegraff     (AT0008025)
Stoltze & Updegraff, P.C.
300 Walnut Street, Ste. 260
Des Moines, Iowa  50309
Telephone:  515.244.1473
Facsimile:  515.244.3930
E-mail:  eric.updegraff@stoltzelaw.com
ATTORNEY FOR PLAINTIFF

**ORIGINAL FILED**

## JURY DEMAND

**COMES NOW** the Plaintiff, Jerry Fees, and demands a trial by jury for all issues properly tried before a jury.

Respectfully submitted,

/s/ Eric M. Updegraff
By:  _____
Eric M. Updegraff     (AT0008025)
Stoltze & Updegraff, P.C.
300 Walnut Street, Suite 260
Des Moines, Iowa 50309
Telephone:  515-244-1473
Fax:     515-244-4145
Email:  eric.updegraff@stoltzelaw.com
ATTORNEY FOR PLAINTIFF

**ORIGINAL FILED.**

**CERTIFICATE OF SERVICE:**

I hereby certify that on the 27th day of March, 2015, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to participating lawyers entered in this case.

Amanda G. Jansen
Lindsay A. Vaught
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
Attorney for Defendants

By: *Eric Updegraff*